Filed 2/2/24  P. v. Erickson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081788 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN436047) |
| JASON WAYNE ERICKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Anthony J. Campagna, Judge.  Affirmed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jason Wayne Erickson appeals from a judgment following conviction by a jury.  Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Erickson the opportunity to file his own brief on appeal, but he has not responded.

FACTUAL AND PROCEDURAL BACKGROUND

Erickson visited K.S.'s apartment on March 12, 2022, as a guest of her roommate. Erickson arranged to sleep on the couch. That night, K.S. smoked marijuana and had a cocktail before leaving the apartment to visit a bar. At the bar, she drank an additional five drinks and was intoxicated when she returned home, stumbled inside, and went to sleep. K.S. awoke a few hours later with Erickson in her bed beside her and with her dress pushed up above her stomach. His hand was inside her underwear, and he used his finger or fingers to penetrate her vagina. When she awoke, K.S. heard Erickson asked if she "like[d] that" before she exited the room.

The People charged Erickson with one count of sexual penetration of an unconscious victim (Pen. Code, § 289, subd. (d), count 1)[1] and one count of assault with intent to commit unlawful sexual penetration (Pen. Code, § 220, subd. (a)(1), count 2). The People subsequently dismissed count 2.

At trial in January 2023, the victim, her roommates, a police officer, police detective, the nurse who performed a forensic exam of the victim, DNA experts, a memory expert, and Erickson's friends testified; Erickson also testified in his defense. The jury convicted Erickson of one count of sexual penetration of an unconscious victim. (Pen. Code, § 289, subd. (d).)

Given the statutory provision of which he was convicted, Erickson was ineligible for probation. (§ 1203.065, subd. (a).) At the March 7, 2023, sentencing hearing, Erickson was sentenced to prison for the lower term of three years and was assessed various fines and fees totaling $2,170. The court did not impose a victim restitution fine at the time of sentencing.

---

[1] Statutory references hereafter are to the Penal Code, unless otherwise specified.

## DISCUSSION

Appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

(1) Whether the trial court prejudicially erred in any evidentiary rulings;

(2) Whether the trial court's denial of the defense for cause challenge to potential juror number 4 was prejudicial error;

(3) Whether the trial court erred in not finding good cause to excuse sworn juror number 6;

(4) Whether the trial court erred by instructing with CALCRIM No. 226 over defense objection;

(5) Whether all necessary and required jury instructions, including for lesser included offenses, were provided;

(6) Whether substantial evidence supports the finding of guilt on count 1;

(7) Whether the trial court's response to the jury question regarding application of voluntary intoxication was prejudicial error;

(8) Whether the trial court's determination that the offense was not probation eligible was correct and whether the trial court abused its discretion in imposing a term of three years; and

(9) Whether fines and fees and pre-trial custody credits were properly calculated and imposed.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Erickson on this appeal.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

O'ROURKE, Acting P. J.

CASTILLO, J.